Imran F. Vakil, Esq. (Bar No. 248859)
    ivakil@nexiolaw.com
Naji Khatib, Esq. (Bar No. 296250)
    nkhatib@nexiolaw.com
**NEXIO, PC**
245 Fischer Avenue
Suite C3
Costa Mesa, CA 92626
Phone:     (949) 478-6830
Facsimile: (949) 478-1275
*Attorneys for Plaintiff, Sream, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SREAM, INC, a California corporation, | Case No.  5:16-cv-879 |
| Plaintiff, | |
| v. | **COMPLAINT FOR:** |
| TIGRAN GALSTYAN; and DOES 1-10 INCLUSIVE, | **(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114]** |
| Defendants. | **(2) COUNTERFEITING [15 U.S.C. § 1117]** |
| | **(3) FALSE DESIGNATION OF ORIGIN [15 U.S.C. §1125(a)]** |
| | **(4) UNFAIR COMPETITION [CAL. BUS. & PROF. CODE § 17200]** |
| | **(5) COMMON LAW UNFAIR COMPETITION** |
| | **DEMAND FOR JURY TRIAL** |

1    Sream, Inc. ("Sream" or "Plaintiff"), by and through its attorneys of record,

2 complains against Defendant Tigran Galstyan and DOES 1 through 10 ("DOES")

3 (collectively "Defendants"), alleging as follows:

4                              **JURISDICTION AND VENUE**

5       1.     This is a civil action against Defendants for counterfeiting, trademark

6 infringement, false designation of origin and unfair competition under the Lanham Act (15

7 U.S.C. § 1051 *et seq*.

8       2.     This court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. §§

9 1051 et seq., 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademark) and 28

10 U.S.C. § 1338(b) (unfair competition), and pendant jurisdiction over the remaining claims

11 pursuant to 28 U.S.C. § 1367.

12      3.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) in that the

13 claim arises in this Judicial District, the Defendants may be found and transact business in

14 this Judicial District, and/or the injury suffered by Plaintiff took place in this Judicial

15 District.  Defendants are subject to the general and specific personal jurisdiction of this

16 Court because of their contacts with the State of California.

17      4.      This Court has personal jurisdiction over Defendants.  Amongst other things,

18 Defendants have engaged in direct, contributory, vicarious, and/or otherwise induced

19 trademark infringement and counterfeiting in this judicial district.  Further, Defendants

20 have engaged in continuous and systematic business in California and, upon information

21 and belief, derive substantial revenues from commercial activities in California.

22 Specifically, Defendants have (1) designed, manufactured, sourced, imported, offered for

23 sale, sold, distributed, and/or shipped infringing and counterfeit merchandise to persons

24 within this State in the ordinary course of trade; (2) engaged in acts or omissions outside

25 of this state causing injury within the State; and/or (3) has otherwise made or established

26 contacts with this State sufficient to permit exercise of personal jurisdiction.

27 ///

28 ///

**PARTIES**

5.     Plaintiff Sream is a corporation incorporated and existing under the laws of California, with its principle place of business located at 12869 Temescal Canyon Road, Suite A, Corona, California 92883.  Sream does business as "RooR USA".

6.     Defendant Tigran Galstyan ("Galstyan") is an individual doing business as "Oh My! Smoke Shop".  Galstyan operates a retail smoke shop located at 8161 Santa Monica Blvd, West Hollywood, CA 90046 (as further identified in Los Angeles Recorder fictitious business name statement No. 2013180022).  On information and belief, and as described *infra*, Galstyan is engaged in the unlawful importation, manufacture, retail sale and/or wholesale sales of counterfeit RooR branded water pipes and related parts. The full scope of Galstyan's conduct is under investigation, including without limitation, how many *other* retail smoke shop(s), distribution companies, and/or manufacturing companies Galstyan owns/operates that engaged in the conduct complained of.

7.     DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.  Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated here as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

**FACTS COMMON TO ALL COUNTS**

8.     Headquartered in Germany since 1995, Mr. Martin Birzle d/b/a RooR ("RooR") is an award-winning designer and manufacturer of smoker's products.  RooR products are widely recognized and highly acclaimed for its ornate and innovative products, including its borosilicate jointed-glass water pipes, parts, and accessories related thereto.  Indeed, it is one of the leading companies in the industry and has gained numerous awards and recognition for its innovative products and designs.

9.     For nearly two decades, RooR distinguished itself as the premiere

manufacturer of glass water pipes because of RooR's unwavering use of quality materials and focus on scientific principles to facilitate a superior smoking experience. RooR's painstaking attention to detail is evident in many facets of authentic RooR products. It is precisely because of the unyielding quest for quality and unsurpassed innovation that RooR products have a significant following and appreciation amongst consumers in the United States.

10. Since at least August 2013, Plaintiff Sream has been the exclusive licensee of the RooR Mark in the United States. By the terms of the RooR-Sream agreement, Sream has manufactured water pipes under the RooR Marks (defined *infra*). Sream also advertises, markets, and distributes water pipes, water pipe parts, and other smoker's articles in association with the RooR Marks. All of these activities are made with RooR's consent and approval, and in accordance with RooR's strict policies.

11. RooR has spent substantial time, money and effort in developing consumer recognition and awareness of the RooR trademarks. These recognition is also due, in part, to the collaborative efforts of Sream. Through the extensive use of the mark, RooR and its exclusive licensee Sream, have built up and developed significant goodwill in the entire RooR product line. A wide array of websites, magazines, and specialty shops include advertising of RooR's products which are immediately identifiable. RooR (i.e., Mr. Martin Birzle) is the exclusive owner of federally registered and common law trademarks. The following is a partial (non-exhaustive) list of RooR's trademarks:

      a.    U.S. Trademark Registration Number 3,675,839 for the word mark "RooR" and its logo in association with goods further identified in registration in international class 034.

      b.    U.S. Trademark Registration Number 2,307,176 for the word mark "RooR" and its logo identified below in association with goods further identified in the registration in international classes 025 and 034.

      c.    U.S. Trademark and Registration Number 2,235,638 for the word mark "RooR" and its logo identified below in association with goods further

1    identified in the registration in international class 021.

2        d.    Common law and unregistered state law rights in the following variants

3    of the RooR marks:



10   (collectively the "RooR Marks").

11       12.   The superiority of the RooR products is not only readily apparent to

12   consumers, who yearn for RooR's higher quality glass in the marketplace, but to industry

13   professionals as well.  RooR's unique style and functional superiority has earned the brand

14   accolades in leading trade magazines and online publications.  Indeed, it's exactly because

15   consumers recognize the quality and innovation associated with RooR branded products

16   that consumers are willing to pay higher prices for them.  For example, a RooR-branded

17   45 cm water pipe retails for $300 or more, while a non-RooR product of equivalent size

18   will usually sell for less than $100.

19       13.   It is exactly because of the higher sale value of RooR branded products that

20   RooR products are targets of counterfeiters.  These unscrupulous people and entities

21   tarnish the RooR brand by unlawfully affixing the RooR Marks to substantially inferior

22   products, leading to significant illegitimate profits.  In essence, Defendants, and each of

23   them, mislead consumers to pay premium prices for low grade products that free rides on

24   the RooR brand, and in turn, Defendants reap substantial ill-gotten profits.

25       14.   In order to protect the RooR Marks, Sream has been granted all enforcement

26   rights to sue to obtain injunctive and monetary relief for past and future infringement of

27   the RooR Marks.

28                      **DEFENDANTS' UNLAWFUL ACTIVITIES**

15.   Beginning on a date that is currently unknown to Plaintiff and continuing to the present, Defendants have, without the consent of Plaintiff, offered to sell and sold within the United states (including within this judicial district) goods that were neither made by RooR, nor Plaintiff, nor by a manufacturer authorized by RooR or Plaintiff (such goods are hereafter referred to as "Counterfeit Goods" – examples of which are attached in the exhibit(s)) using reproductions, counterfeits, copies and/or colorable imitations of one or more of the RooR Marks.  On information and belief, Plaintiff further alleges that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import said Counterfeit Goods into the United States, for the purpose of reselling the Counterfeit Goods in the United States.

16.   Thus, Plaintiff is informed and believes and, upon such, alleges that, in order to receive higher profit margins, Defendants have held themselves out – through the counterfeit products they carry -  to be sponsored by, affiliated with, and/or otherwise connected with RooR / Sream.  Specifically, Defendants have advertised, offered for sale, sold, distributed, displayed, and/or have affixed the RooR Marks to water pipes without consent, license, or approval.  In so doing, Defendants have sold fake RooR's out of Defendants' stores and/or distributed the same with inferior materials and inferior technology.

17.   In its ongoing investigation of sales of counterfeit products bearing the RooR Marks, Plaintiff's investigator purchased a "RooR" glass pipe and/or parts from Defendant Galstyan for a cost of $20.00, charged to the account of Plaintiff's investigator.  A true and correct copy of the counterfeit product purchased from Defendant Galstyan as well as the purchase receipt is attached hereto as **Exhibit "A".**

18.   Upon receipt, images and/or physical units of products purchased from Defendant Galstyan was inspected by Plaintiff to determine its authenticity.  Plaintiff's inspection of the purchased item, using security measures, confirmed that the item Defendant Galstyan sold to Plaintiff's investigator was a counterfeit.

19.   Defendants have intentionally and knowingly directed payments for the

counterfeit RooR products to be made to themselves within this Judicial District.

20.    Through such business activities, Defendants purposely derived direct benefits from their interstate commerce activities by targeting foreseeable purchasers in the State of California, and in doing so, have knowingly harmed Plaintiff.

21.    Defendants use images and names confusingly similar or identical to the RooR Marks to confuse customers and aid in the promotion and sales of its unauthorized and counterfeit product.  Defendants' use of the RooR Marks include importing, advertising, displaying, distributing, selling and/or offering for sale unauthorized copies of RooR branded products.

22.    Defendants' use began long after RooR's adoption and use of its trademarks, and after RooR obtained the trademark registrations alleged above.  Neither Plaintiff nor any authorized agents have consented to Defendants' use of the RooR Marks.

23.    Defendants' actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the Counterfeit RooR-branded products sold and distributed by Defendants.  By their wrongful conduct, Defendants have trade upon and diminished the goodwill of the RooR Marks.  Furthermore, the sale and distribution of counterfeit goods by Defendants have infringed upon the above-identified federally registered trademarks.

24.    Defendants offering to sell, selling, importing and encouraging others to import counterfeit goods in this manner was and is likely to cause confusion or to cause mistake and/or deceive consumers who purchase the counterfeit goods.

25.    Defendants also offered to sell, sold, imported, and/or encouraged others to import for purpose of resale within the United States counterfeit goods consisting of reproductions and/or copies of products bearing the RooR Marks.  Defendants' use the RooR Marks were without Plaintiff's authorization.

## FIRST CAUSE OF ACTION

### (Trademark Infringement, 15 U.S.C. §§ 1114 against all Defendants)

26.    Plaintiff incorporates here by reference the allegations in paragraphs 1 through

7

**COMPLAINT**

1    25 above.

2    27.    RooR (i.e., Mr. Martin Birzle) is the legal owner of the federally registered

3    RooR Marks as set forth in more detail in the foregoing paragraphs.  Sream is the

4    exclusive licensee of the RooR Marks in the United States, and has been granted all

5    enforcement rights to obtain injunctive and monetary relief for past and future

6    infringement of the RooR Marks.

7    28.    The RooR Marks are valid, protectable and distinctive trademarks that RooR

8    continuously used to promote its goods for almost two decades, of which Sream has

9    participated in since at least 2013.  Plaintiff is informed and believes and thereon alleges

10    that a substantial segment of the relevant purchasing public recognizes the RooR Marks as

11    originating from and/or approved by RooR, and/or its exclusive U.S. licensee, Plaintiff.

12    29.    Defendants, and each of them, have used marks confusingly similar to RooR's

13    federally registered RooR Marks in violation of 15 U.S.C. § 1114.  As described *supra*,

14    and as shown in Exhibit(s), Galstyan has sold a counterfeit water pipe (and/or related

15    parts) bearing one or more of the RooR Marks, and has passed off such counterfeits as

16    authorized products from RooR / Plaintiff.  However, Galstyan was never provided a

17    license, permission, consent to sell counterfeit products by the rights holders to the RooR

18    Marks and/or it exclusive licensee (Plaintiff).

19    30.    By such actions, each Defendant's use of confusingly similar imitations of the

20    RooR Marks mark is likely to cause confusion, deception, and mistake by creating the

21    false and misleading impression that Defendants' products are manufactured, produced,

22    distributed, endorsed, sponsored, approved, or licensed by RooR, or are associated or

23    connected with RooR and/or Sream.  Plaintiff is informed and believes and thereon alleges

24    that each of the Defendants utilized the RooR Marks in order to create consumer

25    confusion, and have in-fact created consumer confusion, including but not limited to initial

26    interest confusion and confusion as to an affiliation or association between RooR and

27    Plaintiff, on the one hand, and each of the Defendants, on the other hand.

28    31.    At no time did any of the Defendants have the authorization, legal right, or

8

**COMPLAINT**

consent to engage in such activities in disregard of RooR / Sream's rights in the RooR Marks.

32.     Each of the Defendants' actions complained of herein were intentional, willful, and malicious with a deliberate intent to trade on the goodwill associated with the federally registered RooR Marks.

33.     Plaintiff is informed and believes and thereon alleges that as a proximate result of the unfair advantage accruing to each of the Defendants' business from deceptively trading on RooR / Sream's advertising, sales, and consumer recognition, each of the Defendants have made substantial sales and profits by selling counterfeit water pipes bearing the RooR Marks, in amounts to be established according to proof.

34.     As a proximate result of the unfair advantage accruing to each of the Defendants'  business from deceptively trading on RooR / Sream's advertising, sales, and consumer recognition, RooR / Sream have been damaged and deprived of substantial sales and has been deprived of the value of its trademark as a commercial asset, in amounts to be established according to proof.

35.     Plaintiff is informed and believes, and thereon alleges that, unless restrained by the Court, each of the Defendants will continue to infringe the RooR Marks, thus engendering a multiplicity of judicial proceedings, and that pecuniary compensation will not afford Plaintiff adequate relief for the damage to its trademark in the public perception. Further, Plaintiff is informed and believes and thereon alleges that in the absence of injunctive relief, customers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of each of the Defendants and their goods.

36.     Plaintiff is informed and believes and thereon alleges that each of the Defendants' acts were committed, and continue to be committed, with actual notice of RooR / Sream's exclusive rights and with an intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with RooR / Sream and RooR products.  At a minimum, Plaintiff is entitled to injunctive relief and to recover each of the Defendants' profits, actual damages, enhanced profits, and damages,

costs, and reasonable attorney's fees under 15 U.S.C. §§ 1114 and 1116. However, given the intentional acts here Plaintiff is entitled to recover three times its actual damages or three times Defendants' profits, whichever is greater, together with Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1117. In addition, pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order requiring destruction of all infringing materials in each Defendant's possession.

## SECOND CAUSE OF ACTION
### (Trademark Counterfeiting, 15 U.S.C. §§ 1116)

37. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 36 above.

38. Counterfeiting has been recognized as a serious issue resulting in tremendous losses to American businesses. To combat counterfeits, Congress passed the "Anti-counterfeiting Consumer Protection Act of 1966" (ACPA).

39. California has a similar statute in Business and professions Code § 14250.

40. Defendants' actions also constitute the use by Defendants of one or more "counterfeit mark" as defined in 15 U.S.C. §1116(d)(1)(B).

41. Each of the Defendants' unauthorized use of the RooR Marks on counterfeit products that they have distributed has caused and is causing consumer confusion about the source and sponsorship of these counterfeit goods.

42. Each of the Defendants' sales of these counterfeit products has caused considerable damage to the goodwill of RooR / Sream and diminished the brand recognition of the RooR.

43. The sales of these counterfeit products by Defendants have further resulted in lost profits to Sream and have resulted in a windfall for Defendants.

44. Plaintiff reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) and/or (2).

45. Because of the willful nature of the counterfeiting, Plaintiff is entitled to an award of statutory damages of up $2,000,000 per mark infringed under 15 U.S.C. §

1117(c)(2).

46.     In the alternative, and at a minimum, Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits, and treble damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1117(b).

47.     Defendants' acts of direct and/or contributory counterfeiting have caused, and will continue to cause, Plaintiff irreparable harm unless enjoined by this Court.

## THIRD CAUSE OF ACTION

### (False Designation of Origin/Unfair Competition, 15 U.S.C. § 1125(a))

48.     Plaintiff incorporates here by reference the allegations in paragraphs 1 through 47 above.

49.     Each of the Defendants caused to enter into interstate commerce water pipes (and/or related parts) that each of the Defendants marketed through use of marks that is confusingly similar to the unregistered variants of the RooR Marks.  Plaintiff is informed and believes and thereon alleges that unregistered variants of the RooR Marks have become associated in the minds of consumers with RooR / Sream and their respective RooR goods.

50.     The marketing and sale of Defendants' water pipes (and/or related parts) as described above constitutes false designation of origin which is likely to cause confusion and mistake and to deceive consumers as to the source or origin of such goods or sponsorship or approval of such goods by RooR / Sream.

51.     Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants' false designation of origin, each of the Defendants stand to make substantial sales and profits in amounts to be established according to proof.

52.     Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants' false designation of the origin of their goods and services, Plaintiff has been damaged and deprived of substantial sales of its goods and has been deprived of the value of its trade dress as commercial assets, in amounts to be established according to proof.

11
**COMPLAINT**

53.    Plaintiff is informed and believes and thereon alleges that unless restrained by this Court, each of the Defendants will continue to designate falsely the origin of their goods, causing irreparable damage to Plaintiff and engendering a multiplicity of lawsuits. Pecuniary compensation will not afford Plaintiff adequate relief for its resulting damages. Further, Plaintiff is informed and believes and thereon alleges that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendants' goods and services.

54.    Plaintiff is informed and believes and thereon alleges that each of the Defendants' acts were committed, and continue to be committed, with actual notice of RooR / Sream's exclusive rights and with intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with RooR / Sream and genuine RooR products.  Pursuant to 15 U.S.C. § 1117, Plaintiff is, therefore, entitled to recover three times its actual damages or three times each of the Defendants' profits, whichever is greater, together with Plaintiffs attorneys' fees.  In addition, pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order requiring destruction of all infringing materials in Defendants' possession.

## FOURTH CAUSE OF ACTION

### (Unfair Competition, California Business & Professions Code § 17200 *et seq.*)

55.    Plaintiff incorporates here by reference the allegations in paragraphs 1 through 54 above.

56.    Each of the Defendants' conduct as alleged herein constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce, in violation of Cal. Bus. & Prof. Code §§ 17200 and 17500, *et seq.*

57.    Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Defendants' wrongful conduct as described above, each of the Defendants have gained property and revenues properly belonging to Plaintiff.  Plaintiff therefore seeks restitution of these amounts.  Plaintiff also seeks injunctive relief restraining Defendants, their officers, agents, and employees, and all persons acting in

concert with them, from further engaging in acts of unfair competition and/or fraudulent business acts against RooR / Sream and its intellectual property.

## FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition)

58.     Plaintiff incorporates here by reference the allegations in paragraphs 1 through 57 above.

59.     This cause of action arises under the common law.

60.     Upon information and belief, Defendants will continue to infringe the registered and unregistered RooR Marks.

61.     By the acts and activities of Defendants complained of herein, Defendants have been unjustly enriched.

62.     As a direct and proximate result of the acts and activities of Defendants complained of herein, Sream has been damaged in an amount not yet ascertainable.  When Sream has ascertained the full amount of damages, it will seek leave of court to amend this Complaint accordingly.

63.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, in doing the things herein alleged, acted willfully, maliciously, oppressively and despicably, with full knowledge of the adverse effect of their actions on RooR / Sream, and with willful and deliberate disregard for the consequences to RooR / Sream.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sream, Inc. respectfully requests the following relief against Defendants, and each of them, as follows:

1.     With regard to Plaintiff's claim for counterfeiting:

     a.     Defendants' profits and statutory damages of up to $ 2,000,000 per defendants under the ACPA;

     b.     Defendants' profits, these profits being trebled;

     c.     Attorney's fees;

     d.     Costs of suit;

e.     Joint and several liability for officers, and directors for the knowing participation in the counterfeiting activities of the respective Defendants;

2.     With regard to plaintiff's claim for trademark infringement:

a.     Defendants' profits pursuant to the Lanham Act;

b.     Damages sustained by the Plaintiff for trademark infringement;

c.     Attorney's fees;

d.     Costs of suit;

3.     For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under California Business & Professions Code § 17200;

4.     Preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concern or participation with it, and each of them, from the import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing advertising or promotion of the counterfeit RooR product identified in the complaint and any other unauthorized RooR product, counterfeit, copy or colorful imitation thereof;

5.     Pursuant to 15 U.S.C. § 1116(a), directing Defendants, an each of them, to file with the court and serve on Sream within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

6.     For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants had complied with their legal obligations, or as equity requires;

7.     For an order from the Court that an asset freeze or constructive trust be

14

**COMPLAINT**

imposed on all monies and profits in Defendants' possession, which rightfully belong to Plaintiff;

8.     Pursuant to 15 U.S.C. § 1118 requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver up to Plaintiff for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the RooR Marks;

9.     For treble damages suffered by Plaintiff as a result of the willful and intentional infringements engaged in by Defendants, under 15 U.S.C. § 1117(b);

10.    For damages in an amount to be proven at trial for unjust enrichment;

11.    For an award of exemplary and punitive damages in amount to be determined by the Court;

12.    For Plaintiff's reasonable attorney's fees;

13.    For all costs of suit;

14.    For such other and further relief as the Court may deem just and equitable.


Dated:  April 30, 2016                    **NEXIO, PC**



                              By:    /s/ Naji Khatib /
                                     _____
                                     Naji Khatib
                                     *Attorneys for Plaintiff,*
                                     *Sream, Inc.*

1

## DEMAND FOR JURY TRIAL

2    Plaintiff Sream, Inc., hereby demands trial by jury of all issues so triable under the

3  law.

4

5

6  Dated:  April 30, 2016          **NEXIO, PC**

7

8
                                   By:    /s/ Naji Khatib /
9                                         _____
                                          Naji Khatib
10                                         *Attorneys for Plaintiff,*
                                          *Sream, Inc.*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**





# EXHIBIT "A"